963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Randy Lynn STAMBAUGH, Petitioner-Appellant,
v.
Duane SHILLINGER and Attorney General of the State of
Wyoming, Respondents-Appellees.
 No. 91-8076.
 United States Court of Appeals, Tenth Circuit.
 May 7, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 BARRETT, Senior District Judge.
 
 
 3
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 4
 This is an appeal by Randy Lynn Stambaugh (Stambaugh), pro se, from an "Order Denying Petition for Writ of Habeas corpus" dated and filed November 27, 1991, a copy of which is attached hereto. Stambaugh's petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254. We grant Stambaugh's motion for leave to proceed on appeal in forma pauperis.
 
 
 5
 We affirm the district court's order of dismissal with prejudice substantially for the reasons stated and the grounds relied upon in the order of November 27, 1991. We are particularly convinced, from a careful review of the record on appeal, that none of the trial errors which Stambaugh advances in this appeal worked to his actual prejudice. Further, Stambaugh has utterly failed to demonstrate that the alleged trial errors worked to his actual and substantial prejudice.
 
 
 6
 The Supreme Court in Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546 (1991), placed the same finality emphasis on a state's procedural default rule as it did a state prisoner's failure to exhaust state remedies:
 
 
 7
 These same concerns apply to federal claims that have been procedurally defaulted in state court ... there are no state remedies any longer "available" to him. See 28 U.S.C. § 2254(b); Engle v. Issac, 456 U.S. 107, 125-26, n. 28, 71 L.Ed.2d 783 (1982). In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that States' interests in correcting their own mistakes is respected in all federal habeas cases.
 
 
 8
 Id. at 2555.
 
 
 9
 Here, as noted by the district court, petitioner Stambaugh was obligated to demonstrate cause for his procedural default and actual prejudice as a result of the alleged violation of federal law. Appellant is procedurally barred from raising the issues presented here in state court and he has failed to demonstrate the good cause and actual prejudice necessary for federal habeas corpus relief.
 
 
 10
 We AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3